IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ELETHRIOS SHIZAS | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) 3:13CV186 |
| NCO FINANCIAL SYSTEMS, INC. | ) |
| | ) |
| SERVE: CT Corporation System | ) |
| 4701 Cox Rd., Ste. 301 | ) |
| Glen Allen, VA 23060 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Elethrios Shizas ("Shizas"), by counsel, and as for his Complaint against Defendant NCO Financial Systems, Inc. ("NCO" or "Defendant"), he alleges as follows:

1. This is an action for actual and statutory damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1692, *et seq.* (the Fair Debt Collection Practices Act or "FDCPA") and 47 U.S.C. § 227 (the Telephone Consumer Protection Act or "TCPA").

## JURISDICTION

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227, and 15 U.S.C. § 1692k.

## PARTIES

3. Plaintiff is a natural person, and at all times relevant to this Complaint was a "consumer" as defined and governed by the FDCPA. Additionally, Plaintiff is a "person" as defined by the TCPA.

4. Defendant NCO is a Pennsylvania corporation that regularly collects debts from consumers located across the Commonwealth of Virginia. Additionally, Defendant NCO is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

5. Upon information and belief, at all times relevant to this complaint, the Defendant and/or its agents has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA.

6. In fact, Defendant's website boasts the following:

NCO has more than 5,000 predictive dialer stations in support of company operations. Predictive dialers provide a highly efficient and low-cost method of contact by maximizing efficiency and automatically managing the flow of calls. These systems scan our databases and initiate calls on all available telephone lines. Busy signals and no answers are tagged for analysis and placed in priority recall queues or multiple-pass calling cycles.[1]

7. Additionally, the Defendants website states:

NCO has implemented a scalable, technical infrastructure that can flexibly support growing client volume while delivering the highest levels of service. Our customer contact centers feature state-of-the-art technologies, including predictive dialers, digital switching, digital recording, workforce management systems and automated call distribution systems.[2]

8. Within the four-year period preceding the filing date of this Complaint, the Defendant engaged in the practice of placing numerous, repeated and harassing phone calls to one or more of Plaintiff's cell phones using a combination of automatic telephone dialers, predictive dialers, and prerecorded voice messages, without his express consent.

9. These phone calls extended over a significant period of time and caused daily anxiety and stress to the Plaintiff.

---

[1] http://www.ncogroup.com/Turnkey/Communications/Outbound_Predictive_Dialer.html
[2] http://www.ncogroup.com/About_NCO/Features_Benefits.html

10. These calls were placed in violation of the TCPA.

11. The Defendant is well aware of the requirements of the TCPA and that autodialed calls cannot be placed to cell phones without prior express consent. Moreover, Defendant has previously been sued for this activity repeatedly in other courts. It nonetheless continues to use its dialer system, as this is a more cost effective way of collecting debts.

12. As demonstrated by the Defendant's own website, it regularly and systematically engages in a pattern or practice of violating the TCPA with respect to its debt collection attempts.

13. Further, Plaintiff never consented to Defendant placing autodialed calls to his cell phones.

14. The Defendant knew that the Plaintiff did not consent to the Defendant's use of a dialer system to call his cell phones.

15. Despite this knowledge, the Defendant continually violated the TCPA with respect to the Plaintiff by placing autodialed calls to one or more of his cell phones using predictive dialers and/or an artificial or prerecorded voice to deliver a message without his prior express consent.

16. Therefore, Defendant's violations of the TCPA were willful and Plaintiff is entitled to treble damages under 47 U.S.C. § 227(b)(3).

17. Additionally, Defendant's calls to the Plaintiff were placed in an attempt to abuse and harass Plaintiff into paying a debt it claimed was due in violation of the FDCPA.

18. For example, on numerous occasions, Defendant placed multiple calls to Plaintiff's cell phone repeatedly in the same day in an attempt to abuse and harass him into paying the debt it claimed was due.

19. As a result of these calls to his cell phone, Plaintiff has suffered actual damages.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692d

20. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

21. The Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by its actions, which include, but are not limited to, engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of one or more debts.

22. As a result of these actions taken by the Defendant, Plaintiff has incurred actual damages.

23. Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendant as well as his reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 47 U.S.C. § 227(b)

24. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

25. The Defendant willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by its actions, which include, but are not limited to, making one or more calls using an automatic telephone dialing system, predictive dialers, and/or artificial or pre-recorded voice to the Plaintiff's telephone numbers assigned to a cellular telephone service without the Plaintiff's express consent.

26. Because the Defendant's violations were willful, Plaintiff is therefore entitled to treble his damages under 47 U.S.C. § 227(b)(3).

27. In the alterative, the Defendant negligently violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) by its actions, which include, but are not limited to, making one or more calls using an automatic telephone dialing system, predictive dialers, and/or artificial or pre-recorded voice to the Plaintiff's telephone numbers assigned to a cellular telephone service without the Plaintiff's express consent.

28. The Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendant, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully demands judgment for actual and statutory damages, treble damages pursuant to the Telephone Consumer Protection Act, attorneys' fees and costs pursuant to the Fair Debt Collection Practices Act, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**ELETHRIOS SHIZAS**

By _____
Of Counsel

JANELLE E. MASON, VSB No. 82389
MATTHEW J. ERAUSQUIN, VSB No. 65434
CASEY S. NASH, VSB No. 84261
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
janelle@clalegal.com
matt@clalegal.com
casey@clalegal.com